# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-41270
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAWANE A. MALLETT

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-57

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Dawane A. Mallett appeals his conviction and sentence for assault of a federal corrections officer and possession of a prohibited object by an inmate. Mallett argues that the Government did not present sufficient evidence to support his convictions. He contends that no physical evidence linked him to the charged offenses. The Government presented eyewitness testimony and videotape evidence that established Mallett perpetrated the attack on the federal corrections officer with a prohibited object. The evidence was sufficient for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rational trier of fact to find that Mallett was guilty beyond a reasonable doubt. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Mallett also contends that his constitutional rights were violated when the district court enhanced his sentenced beyond the maximum authorized by the facts charged in the indictment, admitted by him, or found by a jury beyond a reasonable doubt. Specifically, he argues that the district court erred in applying various sentence enhancements, including an enhancement for being a career offender. Mallett was sentenced in July 2006, after the issuance of United States v. Booker, 543 U.S. 220 (2005). Thus, the district court's determination, under an advisory guidelines scheme, that various sentence enhancements should be applied in the calculation of Mallett's sentence, did not violate Mallett's right to a jury trial. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

Mallett argues that his sentence is unreasonable as a matter of law because this court's application of a presumption of reasonableness to sentences imposed within a properly calculated guidelines range is in violation of the principles announced in United States v. Booker, 543 U.S. 220 (2005). He concedes that the argument is foreclosed by circuit precedent but raises it to preserve it for further review. Mallett's argument is foreclosed by Rita v. United States, 127 S. Ct. 2456, 2462-66 (2007), wherein the Supreme Court affirmed the use of a presumption of reasonableness to review sentences imposed within the guidelines range. Mallett further argues that his sentence of 216 months of imprisonment, with was within the applicable advisory sentencing guidelines range, is unreasonable because it is greater than necessary to meet the sentencing objectives of 18 U.S.C. § 3553(a). Mallett has not shown that the sentence was unreasonable or that this court should not defer to the district court's determinations at sentencing. See Mares, 402 F.3d at 519. Mallett presents no arguments to show that his circumstances are "special enough that,

in light of § 3553(a), they require a sentence lower than the sentence the Guidelines provide." Rita, 127 S. Ct. at 2470.

Accordingly, the judgment of the district court is AFFIRMED.